MARY BEEM, RESPONDENT, v. GENERAL ACCIDENT, FIRE AND LIFE ASSURANCE CORPORATION, LTD., APPELLANT.—105 S. W. (2d) 956.

Kansas City Court of Appeals. May 3, 1937.

*Will H. Hargus, Jos. Koralchik* and *Rosenberg & Brenner* for respondent.

*Leslie A. Welch* and *Crouch & Crouch* for appellant.

SHAIN, P. J.—This is a suit for alleged accidental death. The cause of action was based upon an insurance policy issued by the defendant to Walter D. Beem and wherein his wife, the plaintiff herein, was designated as beneficiary.

Plaintiff's petition alleges that the insured met his death by gun shot wound by person or persons unknown and during the course of highway robbery.

By answer the defendant alleges that the contract of insurance does not cover the result of the intentional act of insured or any other person.

There is no issue presented to this court as to incorporation, as to the issuance of the policy, as to payment of premiums, as to death of insured by means stated, nor as to proof of loss. The sole issue is as to whether or not the coverage clause of the policy covers death as admittedly caused in this case.

There was a trial by jury and the jury found for the plaintiff in the sum of $1500 the face of the policy and for $285 accumulated interest totaling $1785. Judgment was had and entered in accordance with verdict of jury and defendant appealed.

We will continue to designate appellant as defendant and respondent as plaintiff.

The defendant in its brief makes an assignment of error as follows:

"I. The court erred in not sustaining defendant's demurrer to the evidence."

### OPINION.

Reference is made in briefs herein to the fact that the premium charge for the policy is but $5 per annum. In other words, the cheapness of the insurance is brought into notice. As has been before stated by this court, we must look to the coverage clause and not to the price of the insurance. However, as we have stated before, the cheapness of the premium is often manifest in limitation as to coverage. The purchasers of insurance should realize that the insurer is in the business for profit. Concerning same our conclusion, based upon experience in reviewing insurance cases, is that the insurer at least intends, in the contract, to limit the risk to the price. It has occurred in our experience in examining insurance contracts, that we have been caused to suspect, in some instances, that there was some evidence of an intent to divert the mind of the

purchaser from a full understanding as to limitations in the coverage clauses of policies purchased.

For the above reason, and other reasons as well, Appellate Courts should carefully study the contract and construe same against the insurer and in favor of the insured to the limit of fair and lawful interpretations. However, it is not within the scope of Appellate Court power to make a new and different contract from that expressed in the policy.

In the policy before us there are shown two sections defining and stating the coverage of the contract. Section two of the contract is as follows:

"(Automobiles.)

"Section 2.

"(a) The effects resulting exclusive and independent of all other causes while the insured is driving or riding in any privately used automobile.

"(b) While changing or repairing a tire or doing minor repairs or adjustments on a privately used automobile, while in transit or in transit use.

"(c) While cranking an automobile, or if caused by the burning or explosion of an automobile if as a result of gasoline or gasoline vapors.

"(d) By being struck or knocked down or run over by an automobile or truck while the insured is walking or standing on a public highway, including the streets of cities, towns or villages.

"(e) By the wrecking or disablement of any public omnibus, taxicab, or automobile stage, plying for hire, which is at the time of wrecking or disablement being driven or operated by a licensed driver, and in which the insured is traveling as a fare paying passenger."

Section three of the contract is as follows:

"(Lightning, Cyclone or Tornado.)

"Section 3.

"(a) The effects resulting exclusive and independent of all other causes by being struck by lightning or due to cyclone or tornado.

"(Earthquakes or Floods.)

"Section 4.

"(a) The effects resulting exclusive and independent of all other causes by earthquakes or floods."

Section eleven of the policy gives the general provisions and contains this language: "This insurance does not cover . . . (4) the result of the intentional act of the insured or any other person."

The cause of action plead in plaintiff's petition is plainly shown as intended to come under the provisions of section two, set forth above. The coverage therein is clearly shown, first, confined to instances of driving or riding in a privately used car as expressed in

sub-topics (a), (b) and (c), second, confined to being hit by an automobile expressed in sub-topic (d) and third, to injuries received by wrecking of automobile being operated for fare paying passengers, as expressed in sub-topic (e).

It is evident from the showing of the record herein that the claim of plaintiff is not based upon the sub-topics (b), (c), (d) or (e).

The theory of plaintiff is fairly expressed by plaintiff's counsel in his opening statement as follows:

"I will tell you right now that if you believe that he committed suicide, under the preponderance of the evidence, then Mrs. Beem is not entitled to recover on this policy. If you find that he was killed in a premeditated murder she is not entitled to recover on this policy. But the facts will show that he was accidentally killed in connection with the motivating forces of highway robbery and the purpose of his unknown assailant was highway robbery.

"If the preponderance of the evidence satisfies you gentlemen that he was killed during the course of highway robbery, then under the Court's instructions, if I am right on the question of law, Mrs. Beem is entitled to a verdict for $1,500.00, being the face value of the policy, plus 6% interest from the 10th day of May, 1933, 60 days after the death of Walter Beem."

The theory of the defendant is expressed as follows:

"The evidence in this case is going to show that there is no liability on this insurance company in this case for the simple reason the policy sued on did not cover this sort of death claimed to have occurred to Walter Beem.

Mr. Hargus stated to you certain provisions of this policy but he didn't read them all. Mr. Hargus read to you or stated to you a portion of the policy in which he stated the insurance company agreed to pay for accidental death. This policy was not a general accident policy. It was a restricted, cheap policy for which he only paid $5.00 per year, and covered only certain kinds of accidental death. The insuring clause provided the insurance company would pay for death resulting independently of other causes from bodily injury sustained from accidental means subject to and limited by the words thereafter contained, and one limitation was that the insurance did not cover the result of the intentional act of the insured or any other person.

"It makes it plain that the insurance does not cover the intentional act of any other person. The plaintiff charges in her petition and as I understand Mr. Hargus in his opening statement he admits that Mr. Beem was killed and shot during the course of highway robbery, as he stated in his opening statement, by some unknown assailant endeavoring to commit robbery and it is our contention that you will promptly have to return a verdict for the defendants."

A reading of the contract of insurance involved herein clearly

shows that it is a policy of limited scope and only purports to cover accidents coming, with the expressed provisions of the coverage expressed in the policy. The appellation, *commercial traveler contract*, would appear to be in harmony with the coverage as expressed in the policy.

Section two of the policy clearly limits coverage to accidents incident to the operation of automobiles. The covreage is expressed affirmatively and under head of "General Provisions," Section eleven, there are fifteen sub-topics definitely stating what does not come within the affirmative stated coverage. Sub-topic (4) of section eleven, clearly states that coverage of the contract does not include, "the result of the intentional act of the insured or any other person."

Under the admissions and the facts disclosed by the record in this case, there is but one question presented and that question is one at law, to-wit: Is death caused by a gun shot wound inflicted by an unknown person during the course of highway robbery the result of the intentional act of another?

The plaintiff urges that the proof of violent death alone justifies submission to the jury. Such is true if the contract covers accident with no limitation to coverage. However, when the contract for insurance' expressly and definitely covers accident arising from designated situations and causes alone and specifically states that an accident otherwise occurring is not included in the coverage, the burden then is placed upon the plaintiff to prove that injury came within the coverage. [Sampson v. Postal Life & Casualty Ins. Co., 78 S. W. (2d) 466.]

There is no doubt but what the evidence in the case at bar raises a presumption of accidental death. However, we cannot pile a presumption upon a presumption and conclude therefrom that said accidental death comes within the coverage of the contract.

The case at bar must be distinguished from Bibbs v. Fidelity Health & Accident Co., 71 S. W. (2d) 764, and other cases of like nature, wherein there is a general coverage clause insuring against and agreeing to pay in event death be caused "directly and independently of all other causes through external, violent and accidental means," and wherein thereafter there are limiting clauses that restrict the coverage clause and excludes injury from certain "external, violent and accidental means." In such a case the burden is upon defendant to prove that the injury resulted from a cause expressly excluded from coverage.

It stands admitted in the case at bar that insured met his death by the act of another. In the Bibbs case, *supra*, the question of whether the death was caused by the act of another was in issue and the burden of proof rule had direct application. As to admitted facts the reason of the rule ceases.

There is an entirely different situation presented when the limitation appears in the coverage clause. To illustrate, an insurance contract may limit liability to automobile accidents alone. In such case the burden is certainly upon plaintiff to prove the injury was caused by an automobile accident. This is so, regardless of the fact that the policy may under general provisions state that drowning, airplane accidents and other accidents wherein an automobile was not involved are not covered by the contract.

Where the coverage of an insurance contract is plain and unequivocal in limitation, it is but right and just that a plaintiff be called upon to prove that the injury is the result of a cause insured against. However, great difficulty arises when a contract of insurance makes a general coverage of accidental means and by later clauses attempts to confine the liability to an accident occurring while buggy riding in a one horse dray.

A careful study of the record herein causes us to conclude that the right of plaintiff to recover is defeated if the shooting of deceased by a highwayman in course of robbery be concluded to be the intentional act of another. The evidence in this case leaves no doubt of the ultimate fact that insured was killed by his assailant in a holdup. The fact of whether or not same be classed as an affirmative defense is not material herein. [Richey v. W. O. W., 163 Mo. App. 235, 146 S. W. 461.]

The law is so well established to the effect that the act of an assailant, who inflicts death of another in the course of highway robbery is the intentional act of the assailant, that citation of authority is not required.

We conclude that the court should have directed a verdict for defendant in this cause, for the reason that it is apparent from the showing in the record that the death of insured was not the result of injury of an accident insured against, and for the reason that insured came to his death by the intentional act of another. Judgment reversed. All concur.